UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

L.O. and N.B., individually and on behalf of P.O.

                      Plaintiffs,                          Civ. No. 1:20-cv-3180

                                                                     COMPLAINT

               -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                      Defendant.

_____

PRELIMINARY STATEMENT

1. This is an action alleging that Defendant, the New York City Department of Education and the Board of Education (collectively "Defendant"), violated Plaintiffs' rights under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq*., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 ("Section 504"), as well as New York State law.

JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' federal claims under the IDEA pursuant to 20 U.S.C. § 1415, 42 U.S.C. § 1988, and as an action raising a federal question under 28 U.S.C.§ 1331, and for the award of reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367.

3. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, to adjudicate any state claims that arise out of the same facts as the federal claims asserted herein.

4. Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as it is the judicial district in which Defendant is situated and/or resides.

5. This Court has jurisdiction under 28 U.S.C. § 1331 in that claims are asserted under the laws of the United States; under 28 U.S.C. § 1343(a) in that claims are asserted under laws providing for protection of civil rights; and under 20 U.S.C. § 1415, 42 U.S.C. § 1983, and 29 U.S.C. § 794, *et. seq*.

6. If successful, Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415(j)(3)(B) *et. seq*.

## PARTIES

7. Plaintiffs, L.O. and N.B., are the parents and natural guardians of P.O., a now seven-year-old girl who had been classified as a student with a disability.[1]

8. At all times relevant, L.O., N.B., and P.O. resided in New York, New York.

9. Plaintiff P.O. was a student with a disability who at the time was eligible for a Free Appropriate Public Education ("FAPE") pursuant to the Individuals with Disabilities Education Act[2] ("the IDEA").

10. P.O. was a qualified individual with a disability who was eligible for a FAPE under Section 504 of the Americans with Disabilities Act ("ADA") and was protected from discrimination based upon her disability.

---

[1] Initials are used throughout this complaint in accordance with the IDEA, the Family Educational Rights and Private Act of 1974, Federal Rule of Civil Procedure 5.2, and the Electronic Case Filing Rules & Instructions of the Southern District of New York 21.3.

[2] The IDEA was reauthorized in 2007 as the Individuals with Disabilities Education Improvement Act; however, the statute is still commonly referred to as the "IDEA."

11. Upon information and belief, THE NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE") is a local educational agency ("LEA") as defined in the IDEA, and thus bears the responsibilities of an LEA under the IDEA and in the New York State Education Law.

12. Upon information and belief, THE NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE") is a corporate body, created by Article 52 of the New York State Education Law, CLS Educ. Law § 2550 *et seq.*, that manages and controls the public school system of the City of New York and is a local educational agency ("LEA") as defined in the IDEA, and thus bears the responsibilities of an LEA under the IDEA and in the New York State Education Law. *See* 20 U.S.C. § 1415(a); N.Y. Educ. Law § 2590.

13. Upon information and belief, the DOE receives funding pursuant to the IDEA, and therefore must comply with that statute's provisions, including providing a FAPE to all students with educationally handicapping conditions, including P.O., who reside within New York City. *See* 20 U.S.C. § 1412.

14. Upon information and belief, the DOE's principal place of business is 52 Chambers Street, New York, New York 10007.

15. Upon information and belief, the DOE is charged with the responsibility of developing policies with respect to the administration and operation of the public schools in the City of New York, including programs and services for students with disabilities. N.Y. Educ. Law § 2590-g (McKinney 1980).

## LEGAL FRAMEWORK

16. The IDEA guarantees that all eligible children with disabilities, ages three through twenty-one, must be offered a FAPE. 20 U.S.C. § 1412(a) (1).

17. Not only children with disabilities have legal rights under IDEA; their parents are also entitled to assert legal rights on their own behalf. *Winkelman v. Parma City School Dist.*, 550 U.S. 516, 127 S.Ct. 1994, 1996 (2007).

18. One of the IDEA's most well-known due process rights is the right to request an impartial hearing "with respect to any matter relating to the identification, evaluation, or educational placement of [a] child" or the provision of FAPE to a child. 20 U.S.C. § 1415(b)(6)(A).

19. Thereafter, a parent "shall have an opportunity for an impartial due process hearing, which shall be conducted by the State Educational Agency ("SEA") or by the Local Education Agency ("LEA") as determined by State law or by the [SEA]." 20 U.S.C. § 1415(f)(1)(A).

20. The IDEA sets forth detailed requirements for hearing procedures. *See* 20 U.S.C. §1415(f); 34 C.F.R. §§ 300.511–516.35. In New York City, the DOE is responsible for ensuring that impartial hearings comport with the IDEA's requirements.

21. Congress, moreover, has abrogated state sovereign immunity "from suit in Federal court for a violation of [IDEA]." 20 U.S.C. § 1403(a). Thus, "[i]n a suit against a State for a violation of [IDEA], remedies (including remedies both at law and in equity) are available for such a violation to the same extent as those remedies are available for such a violation in the suit against any public entity other than a State." 20 U.S.C. § 1403(b).

22. One of IDEA's key procedural safeguards is "[a]n opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

23. In New York, the primary means for initiating a special education dispute is the filing of a written "request for an impartial due process hearing" with the DOE's Impartial Hearing Office. 8 NYCRR § 200.5(j). *See also* NYSED, Special Education, http://www.p12.nysed.gov/specialed/lawsregs/home.html (last updated July 19, 2019).

24. The written request shall include "the name of the student, the address of the residence of the student . . . the name of the school the student is attending, a description of the nature of the problem of the student relating to such proposed or refused initiation or charge, including facts relating to such problem, and a proposed resolution of the problem to the extent known and available to the party at the time." 8 NYCRR § 200.5(j)(1)(i)(i)–(v).

25. The respondent named in the Due Process Notice must be given notice of the request by the filing party. 8 NYCRR § 200.5(i)–(j). Upon receipt of the parent's due process complaint notice . . . the board of education shall arrange for an impartial due process hearing to be conducted.

26. Upon the issuance of a final decision and order, parties have forty calendar days to appeal the final order and decision ("FOFD") from the date the Impartial Hearing Officer issues the FOFD. N.Y. Educ. Law § 4404; 8 NYCRR § 279.4(a); *see also* N.Y. State Education Department, *How to Give Notice of Appeal*, OFFICE OF STATE REVIEW, https://www.sro.nysed.gov/book/how-give-notice-appeal (last visited April 21, 2020).

27. Upon the expiration of the forty days, the FOFD becomes an unappealed decision and is then final and non-appealable.

28. Upon information and belief, the DOE's Impartial Hearing Order Implementation Unit is charged with timely complying with the FOFD.

29. Plaintiffs, as the substantially prevailing party, may recover reasonable attorneys' fees from Defendant pursuant to the fee-shifting provisions of IDEA and, in particular, 20 U.S.C. § 1415.

30. This action follows a trial that resulted in an impartial hearing officer's decision, on the merits, in *Plaintiffs'* favor that also established Plaintiffs' status as a substantially prevailing party for purposes of IDEA's fee-shifting provisions.

31. Plaintiffs seek to secure the statutory attorneys' fees and other recoverable costs that Plaintiffs may be awarded in this fee application action and in the underlying administrative proceedings, as a prevailing party in impartial hearing case number 168567 pursuant to the express fee-shifting provisions of the federal IDEA statute, 20 U.S.C. §§ 1415(i)(3)(A)-(G).

## FACTS

### 2017-2018 School Year—Impartial Hearing Case Number 168567

32. Plaintiffs filed a due process complaint on September 5, 2017, alleging a denial of FAPE for the 2017-2018 school year.

33. The due process complaint was processed as case number 168567.

34. A pendency hearing was held on October 27, 2017.

35. Hearings in this matter were held on three separate days: July 23, 2018, September 18, 2018, and September 24, 2018.

36. Plaintiffs introduced thirty-eight documents into evidence.

37. Defendant entered ten documents into evidence.

38. Plaintiffs called four witnesses for their case in chief.

39. Defendant called no witnesses.

40. On November 15, 2018, the impartial hearing officer issued the ten page FOFD in Plaintiffs' favor.

41. Specifically, the impartial hearing officer ordered the following:

> **IT IS ORDERED** that the NYCDOE shall defray the tuition of P at the First Presbyterian Church Nursery School for the 2017-18 school year;
> **IT IS FURTHER ORDERED** that the NYCDOE shall pay directly to the parents of P the cost of compensatory related services for the 2017-18 school year upon presentation of appropriate documentation and receipts to the NYCDOE as follows:
> -Up to 30 hours of SEIT;
> -2x45 weekly sessions of speech and language therapy

42. The DOE did not appeal the FOFD and it is now final and non-appealable.

43. Plaintiffs are therefore the prevailing party and are entitled to their reasonable attorneys' fees and costs.

44. This action is timely brought to recover attorneys' fees.

45. Under the fee-shifting provisions of the IDEA statute, plaintiffs should be awarded their reasonable attorneys' fees and other recoverable costs at the impartial hearing level and in their efforts to enforce the Order and this herein action in a total amount to be determined by this Court.

46. Despite many requests made to DOE's Impartial Hearing Office Implementation Unit, the DOE has not complied with any part of the November 15, 2018 FOFD.

## CAUSES OF ACTION

FIRST CAUSE OF ACTION
THE IDEA—2017-2018 School Year—Failure to Comply With the FOFD

69. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

70. Defendant has failed to implement fully the November 15, 2018 FOFD.

## SECOND CAUSE OF ACTION
## ATTORNEYS' FEES

71. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

72. Defendant has not paid any attorneys' fees or costs to Plaintiffs incurred for the 2017-2018 school year action.

73. Plaintiffs are the substantially prevailing party and are entitled to an award of costs and reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(3)(A)-(G).

74. Plaintiffs are entitled to reasonable attorneys' fees and costs incurred in connection with the actions concerning the 2017-2018 school year.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that the Court:

i. Assume jurisdiction over this action;

ii. Issue a declaratory judgment that Defendant has violated Plaintiffs' rights as alleged herein;

iii. Issue a TRO and preliminary injunction directing Defendant to immediately implement the FOFD dated 11/15/2018 in its entirety;

iv. Issue a preliminary and permanent injunction directing Defendant to implement the decisions and orders in Plaintiffs' favor;

v. Award Plaintiffs reasonable attorneys' fees and costs in accordance with Plaintiffs' status as the prevailing party in case number 168567, and the work implementing the

      decisions and this ensuing action; and

vi.    Award such other, and further, relief as to the Court may seem just and proper.

Dated: April 22, 2020
       NEW YORK, NEW YORK

                                  Respectfully submitted,
                                  SPENCER WALSH LAW, PLLC

                                /s/ Tracey Spencer Walsh
                                Tracey Spencer Walsh
                                Spencer Walsh Law, PLLC
                                625 W. 57th Street, Suite 1810
                                New York, New York 10019

                                Tel. 212-401-1959

                                Email: tracey@spencerwalshlaw.com

                                **Temporary Mailing Address:**

                                SPENCER WALSH LAW, PLLC

                                c/o Sonali Sanyal, Paralegal

                                36 Western Drive

                                Ardsley, NY, 10502